UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DWAYNE CEDRICK BYRD,

Plaintiff,

v. CASE NO. 3:25-cv-1550-SJH

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
______________________________/

# MEMORANDUM ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application under the Social Security Act ("Act") for a period of disability and disability insurance benefits. In a decision dated August 13, 2025, the Administrative Law Judge ("ALJ") found Plaintiff had not been under a disability from January 9, 2023, the alleged disability onset date, through the date of decision. Tr. at 15–26. For the reasons herein, the Commissioner's decision is **affirmed**.

## I. Standard of Review

Plaintiff appeals the denial of his application under Title II of the Act, 42 U.S.C. § 401 *et seq.*[2] Under § 405(g), judicial review "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.

[2] The regulations under Title II are located at 20 CFR pt. 404.

correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Ohneck v. Comm'r, Soc. Sec. Admin.*, No. 22-13984, 2023 WL 8946613, at *2 (11th Cir. Dec. 28, 2023).[3]

The agency's factual findings are "conclusive" if "substantial evidence" supports them. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (citation omitted). Though requiring "more than a mere scintilla" of evidence, the threshold for this standard "is not high[,]" *id.* (citation omitted), and does not require a preponderance of the evidence, *Flowers v. Comm'r, Soc. Sec. Admin.*, 97 F.4th 1300, 1309 (11th Cir. 2024); *see also Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). So long as "the ALJ's decision clears the low evidentiary bar[,]" a reviewing court must affirm even if it "would have reached a different result and even if a preponderance of the evidence weighs against the Commissioner's decision[.]" *Flowers*, 97 F.4th at 1309. A reviewing court may not "decide the facts anew, make credibility determinations, or re-weigh evidence." *Id.* at 1306 (citation omitted); *see also Rodriguez v. Soc. Sec. Admin.*, 118 F.4th 1302, 1315–16 (11th Cir. 2024); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

The same deference does not attach to conclusions of law. *See Flowers*, 97 F.4th at 1304, 1306; *Martin*, 894 F.2d at 1529. A "failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal." *Martin*, 894 F.2d at 1529; *see also Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

On review, "it is proper to read the ALJ's decision as a whole, and ... it would be a needless formality to have the ALJ repeat substantially similar factual analyses[.]" *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1275–76 (11th Cir. 2024) (citations omitted); *see also Martin v. Comm'r of Soc. Sec.*, No. 8:22-cv-1435-JSS, 2023 WL 3644419, at *7 (M.D. Fla. May 25, 2023); *Jesus v. Comm'r of Soc. Sec.*, No. 6:20-cv-1930-EJK, 2022 WL 2293887, at *4 (M.D. Fla. Feb. 9, 2022).

**II. The ALJ's Decision**

Under the Act's general statutory definition, a person is considered disabled if unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 423(d)(1)(A).[4] In making a disability determination, the Social Security Administration generally uses a

---

[4] Because the definitions of disability under Title II and Title XVI are the same, cases under one statute are generally persuasive as to the other. *See Jones v. Astrue*, No. 3:10-cv-914-J-JBT, 2011 WL 13173806, at *2 n.2 (M.D. Fla. Oct. 17, 2011).

five-step sequential process. 20 C.F.R. § 404.1520(a)(4).[5] The ALJ applied this five-step sequential process. Tr. at 16–26.[6] At step one, the ALJ found that (i) Plaintiff had "engaged in substantial gainful activity during the following periods: January 2023 through June 2023"; but (ii) "there has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity." *Id.* at 17 (emphasis removed). Accordingly, the ALJ continued with the sequential analysis, limiting "[t]he remaining findings" to "address the period the claimant did not engage in substantial gainful activity." *Id.* (emphasis removed).

As to the period Plaintiff did not engage in substantial gainful activity ("SGA"), the ALJ found as follows. *Id.* at 17–25. The ALJ found at step two that Plaintiff had "the following severe impairments: Depressive, Bipolar and Related Disorders; Anxiety and Obsessive-Compulsive Disorders; Diabetes Mellitus; Hypertension; Insomnia and Obesity (20 CFR 404.1520(c))." *Id.* at 18 (emphasis removed). At step three, the ALJ found that Plaintiff did not have an impairment or combination of

[5] At step one, the person must show the person is not engaged in substantial gainful activity. At step two, the person must show the person has a severe impairment or combination of impairments. At step three, the person may show the impairment or combination of impairments meets or equals the severity of one of the listings in the appendix of the applicable regulations. Absent such a showing, at step four, the person must show the person cannot perform the person's past relevant work given the person's residual functional capacity ("RFC"). Step five, at which the burden temporarily shifts to the Commissioner, asks whether there are a significant number of jobs in the national economy the person can perform given the person's RFC, age, education, and work experience. If it is determined at any step the person is or is not disabled, the analysis ends without proceeding further. *See* 20 C.F.R. § 404.1520(a)(4); *Flowers*, 97 F.4th at 1308–09; *Jacob v. Comm'r of Soc. Sec.*, No. 8:22-cv-2435-CEH-TGW, 2024 WL 3548902, at *3–4 (M.D. Fla. July 26, 2024).

[6] Title II of the Act "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (citation omitted). The ALJ found Plaintiff meets the insured status requirements through December 31, 2028. Tr. at 17.

impairments that meets or equals a listed impairment. *Id.* The ALJ found that Plaintiff had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can climb ramps and stairs occasionally, but never climb ladders, ropes, or scaffolds, and can occasionally balance, stoop, kneel, crouch, and crawl; he can never be exposed to unprotected heights or moving mechanical parts; he can understand, remember, and carry out simple instructions and can make simple work-related decisions; he is limited to occasional interaction with supervisors, coworkers, and the public; and can tolerate occasional changes in the workplace.

*Id.* at 20 (emphasis removed). The ALJ found at step four that Plaintiff was unable to perform any past relevant work, but found at step five that jobs exist in significant numbers in the national economy that Plaintiff could perform such that he was not under a disability through the date of decision. *Id.* at 24–25.

## III. Discussion

Plaintiff raises a single issue on appeal, arguing that the ALJ erred in failing to evaluate an opinion from Plaintiff's psychiatric provider, Kelly Anderson, APRN. Doc. 15 at 6–12. As background, APRN Anderson wrote a letter on May 9, 2024, indicating that she had treated Plaintiff since August 2022 and that he was unable to work due to his conditions; the ALJ found this letter unpersuasive because it was "on an issue reserved to the Commissioner and no specific vocationally relevant limits are opined." Tr. at 24. Plaintiff does *not* challenge this analysis or finding. Doc. 15 at 8. Rather, per Plaintiff:

> While this finding is correct, it ignored that Ms. Anderson also wrote an opinion letter in 2023 that did include vocationally relevant limitations. Tr. 376-77. She opined that Plaintiff was unable to perform job duties related [to his] medical technologist job. Tr. 377-78. She opined that

> Plaintiff was unable to perform specific duties related [to] that job but also included limitations that would be applicable to work in general. For example, she opined that Plaintiff was "unable to evaluate and solve problems[.]" Tr. 377. Despite providing this opinion letter, the ALJ never actually addressed these findings.

Doc. 15 at 8–9. In short, Plaintiff (correctly) acknowledges that the ALJ properly discounted the 2024 letter (which did not provide vocationally relevant limits but rather opined on an issue reserved to the Commissioner) and instead argues error by failing to separately discuss the 2023 letter. *Id.* That letter is dated April 14, 2023. Tr. at 377. Defendant argues that the ALJ was not required to separately evaluate the 2023 letter and, in any event, that any alleged error was harmless. Doc. 16.

The undersigned need not reach whether the ALJ was required to further and specifically address the April 14, 2023, letter because, assuming *arguendo* that he was, any purported error was harmless. *See Flowers*, 97 F.4th at 1307 ("Flowers has also failed to show that his argument would make any difference to his application for disability benefits. … Thus, we conclude any such error was harmless."); *Raper*, 89 F.4th at 1274 n.11 ("Remand is unwarranted unless an error creates fundamental unfairness or prejudice[,]" and "[t]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (citations omitted)).

Preliminarily, Plaintiff has *not* challenged the ALJ's step-one finding of SGA from January–June 2023 or his corresponding limitation to consideration of the remaining findings and steps of the sequential analysis as to only the post-June 2023 period of alleged disability during which Plaintiff did not engage in SGA. Tr. at 17.

Given that unchallenged finding, Plaintiff was not disabled as of April 2023 (or through June 2023) regardless of any medical opinion or condition. *See* 20 C.F.R. § 404.1520(a)(4)(i), (b); *see also Currie v. Comm'r of Soc. Sec.*, 471 F. App'x 858, 859 (11th Cir. 2012). So the April 2023 letter is relevant, if at all, only to the extent any opinion therein is material to Plaintiff's post-June 2023 condition.

Plaintiff does not persuasively argue how it is material to his post-June 2023 condition, much less in a way that would change the outcome reached by the ALJ. The April 2023 letter was written with a specific focus on the employment Plaintiff held at the time, as a medical technologist. Tr. at 377–78. The letter mentions, as a lead-in to any discussion of specific functional limitations, Plaintiff's ability as of April 14, 2023, "to perform up to capacity at this employment" and to perform its "essential job functions[.]" *Id.* at 377. But, as discussed, the ALJ found (without challenge by Plaintiff): (i) that Plaintiff was engaged in SGA as of April 2023; and (ii) for the remaining period of alleged disability for which Plaintiff was not engaged in SGA, Plaintiff was unable to perform past relevant work (including, specifically, as a medical technologist). *Id.* at 17, 24. So, the April 2023 letter on which Plaintiff exclusively relies relates to a time that was not at issue and a job the ALJ agreed Plaintiff could not perform during the time that was at issue.

Plaintiff—who bears the burden of showing any purported error was harmful—implicitly acknowledges the difficulty he faces in making such a showing. *See* Doc. 15 at 8–9. For example, Plaintiff (rightly) concedes that—to the extent the April 2023 letter includes any functional limitations (as opposed to issues reserved to the

Commissioner)—it, for the most part, "opined that Plaintiff was unable to perform job duties related" to the "medical technologist job" and "opined that Plaintiff was unable to perform specific duties related that job[.]" *Id.* at 8. But Plaintiff argues that the letter "also included limitations that would be applicable to work in general" (as would be necessary for any failure to consider the letter under the circumstances to possibly result in harmful error). *Id.* at 8–9. Yet in support of this contention, Plaintiff musters only a *single* example, citing the opinion "that Plaintiff was 'unable to evaluate and solve problems[.]'" *Id.* at 9 (quoting Tr. at 377).

But this sole example takes out of context, and in turn misconstrues, the statement in the April 2023 letter. The April 2023 letter did *not* offer any opinion as to Plaintiff's inability to evaluate and solve problems in general or, for that matter, in any context outside of the then-held medical technologist job. Tr. at 377. Rather, it plainly reflects at most an evaluation of problem-solving functionality only in the specific and nuanced context of the essential functions of the position of medical technologist, providing:

> Mr. Byrd's symptoms interfere with his daily activities and his ability to perform up to capacity at <u>this employment.</u> I have reviewed and evaluated some of Mr. Byrd's <u>essential job functions</u> and his deficits.
>
> (1) "Evaluates and solves problems <u>related to collection and processing of biological specimens for analysis taking into account physiological processes and requirements</u>." *Mr. Byrd is unable to evaluate and solve problems due to concentration/attention issues, and daytime drowsiness.*

*Id.* (underlining added; italics in original). Any remaining functional assessments in the April 2023 letter similarly extend no further than the specifics of the medical

technologist position (and Plaintiff does not even attempt to argue otherwise). *Id.* at 377–78. Plaintiff makes no genuine effort—nor, realistically could he—to articulate how the ability to solve problems "related to collection and processing of biological specimens for analysis taking into account physiological processes and requirements" would materially impact his RFC and/or his ability to perform the jobs identified by the ALJ, such as Router, Collator Operator, or Marker. *See id.* at 25, 377.[7]

The undersigned harbors doubts under the circumstances as to whether the ALJ was required to separately discuss the April 2023 letter.[8] But assuming *arguendo* the ALJ erred in not doing so, any such error was harmless. The ALJ properly analyzed

---

[7] For any error to be harmful, Plaintiff must show limitations beyond those imposed in the ALJ's restrictive RFC, which already included, for example, limitations to simple instructions, simple work-related decisions, only occasional changes in the workplace, and only occasional interactions with others. *Id.* at 20; *see also Tackett v. Comm'r of Soc. Sec.*, No. 21-11852, 2022 WL 2314095, at *2 (11th Cir. June 28, 2022); *Phim v. Kijakazi*, No. 8:22-cv-1655-TGW, 2023 WL 12176561, at *6–7 (M.D. Fla. Sept. 5, 2023). And Plaintiff must further show how any such additional limitations would preclude any of the positions the ALJ found Plaintiff able to perform, such as Router, Collator Operator, or Marker. Tr. at 25; *see also Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 73 (11th Cir. 2012); *Williams v. Barnhart*, 140 F. App'x 932, 937 (11th Cir. 2005); *Kamaria W. v. Comm'r, Soc. Sec. Admin.*, No. 1:22-cv-4822-JEM, 2024 WL 6892174, at *10 (N.D. Ga. Feb. 8, 2024); *Farmer v. Colvin*, No. 3:14-cv-1071-J-MCR, 2015 WL 6769509, at *2 (M.D. Fla. Nov. 6, 2015). But as to the former requirement, Plaintiff makes only a passing, undeveloped, and incomplete remark, with no citations of authority. Doc. 15 at 12. And that passing remark repeats the same mistake already discussed—it takes out of context the statement cited from the April 2023 letter to suggest a broader functional limitation than the letter could possibly support. And even that is more than Plaintiff offers as to the latter requirement. These deficiencies reinforce the harmlessness of any purported error, as a perfunctory and undeveloped argument is insufficient to raise an issue. *See Garrett v. Comm'r, Soc. Sec. Admin.*, No. 21-11749, 2022 WL 3226308, at *3 (11th Cir. Aug. 10, 2022); *Hemmelgarn v. Bisignano*, No. 8:24-cv-2723-CPT, 2026 WL 864993, at *9 (M.D. Fla. Mar. 30, 2026); *Jimenez v. Bisignano*, No. 8:24-cv-2509-AAS, 2025 WL 2860069, at *3 n.5 (M.D. Fla. Oct. 9, 2025); *Mecias v. Comm'r of Soc. Sec.*, No. 6:20-cv-2353-LHP, 2022 WL 3716738, at *5 n.9 (M.D. Fla. Aug. 29, 2022); *see also In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070, 1092 (11th Cir. 2023); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023).

[8] Plaintiff's suggestion that the ALJ failed to explain why he did not further discuss the April 2023 letter overlooks the step-one finding of SGA, the explanation that the remaining findings addressed the period Plaintiff did not engage in SGA, and the fact that the April 2023 letter was focused on a particular job during that prior time of SGA.

the 2024 letter, which Plaintiff does not dispute. To the extent the 2023 letter included any functional assessments, as opposed to assessments of an issue reserved for the Commissioner, it did so only as to a specific position held by Plaintiff at the time. And that was (i) at a time Plaintiff, without dispute, was engaged in SGA; and (ii) irrelevant as the ALJ found that for the period of no SGA Plaintiff was unable to perform past relevant work, including the medical technologist position discussed in the April 2023 letter. Because any purported error was harmless, remand is unwarranted. *See Flowers*, 97 F.4th at 1307; *Raper*, 89 F.4th at 1274 n.11.

## IV. Conclusion

Accordingly, it is **ordered**:

1. The Commissioner's decision is **affirmed**; and

2. The Clerk of Court is **directed** to enter judgment in favor of Defendant and to close this file.

**DONE AND ORDERED** in Jacksonville, Florida, on October 16, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record